FILED
2021 JUN 24 PM 1:49
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KENNETH J.,<br><br>                Plaintiff,<br>vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. 2:20-cv-00694-CMR<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendant, Commissioner of the Social Security Administration's (the Commissioner or Defendant), Motion to Dismiss for Failure to State a Claim (Motion) (ECF 16). All parties in this case have consented to Magistrate Judge Cecilia M. Romero conducting all proceedings, including entry of final judgment (ECF 12). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

## I. BACKGROUND

On October 1, 2020, Plaintiff filed his Complaint against Defendant seeking judicial review of the determination of the Social Security Administration's (SSA) denial of his application for disability insurance benefits under the Social Security Act (the Act) (ECF 3). On April 9, 2021, Defendant filed the present Motion under Federal Rule of Civil Procedure 12(b)(6) requesting Plaintiff's Complaint be dismissed as it was not brought until October 1, 2020, or outside the 60-day statute of limitation pursuant to 42 U.S.C. §§ 405(g)-(h) of the Act.

As provided under Local Rule 7-1(b)(3)(A) Plaintiff had 28 days to respond to Defendant's Motion. As of the date of this Order, Plaintiff has failed to oppose or otherwise respond to Defendant's Motion and the time to do has expired.

## II.  DISCUSSION

The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief can be granted.  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  The court accepts all well-pled factual allegations as true and views those allegations in the light most favorable to the nonmoving party.  *United States v. Smith*, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court will not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001).  However, Federal Rule of Civil Procedure 12(d) provides that if "on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

Defendant contends the SSA's Appeals Council issued its pertinent notice on July 16, 2020 (ECF 16) and therefore the Complaint is untimely as "the claimant must file a civil action seeking judicial review within sixty days after receiving the notice of such decision." *Cleland v. Colvin*, No. 2:12-CV-00684-DBP, 2013 WL 4854457, at *1 (D. Utah Sept. 11, 2013) (internal citations omitted).  SSA regulations presume a claimant receives such notice five days after the Commissioner issues its decision.  20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period"); *id*. § 422.210(c) ("[T]he date of receipt of ... notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice unless there is a reasonable showing to the contrary....").  As such Defendant argues Plaintiff had until Monday, September

21, 2020, to commence the action, which he did not file until October 1. To further support its position, Defendant presents additional evidence, including a declaration from an employee of the SSA, as well as copies of correspondence sent to Plaintiff. While Plaintiff did not submit a response to the Motion, Plaintiff's Complaint alleges the Appeals Council issued its final determination on July 28, 2020 (ECF 3 at ¶ 10). If that is the case, then, taking into account the 5-day notice period, the matter may have been timely filed. Moreover, even if the decision was issued on the earlier date of July 16, 2020, as Defendant claims, the court does not have any information about when Plaintiff received notice of the decision, or whether Plaintiff can make a showing that he received it outside the 5-day period.

The court is not able to weigh the evidence on a Motion to Dismiss. Furthermore, the court does not have before it either the certified administrative record or any affidavits or other documentary evidence from the Plaintiff as he failed to respond to the Motion. For this reason, the parties are hereby notified that the court will treat Defendant's motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56.

IT IS THEREFORE ORDERED that Defendant shall file the record in this case no later than July 2, 2021.

IT IS FURTHER ORDERED that Plaintiff, within 5 days of the filing of the record, shall file a response to Defendant's Motion. Failure to do so may result in dismissal of this case.

DATED this 24 June 2021.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah